IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

WILLIAM RAY SPRAY, JR., and )
RHONDA JEAN SPRAY, Individually and )
as Personal Representatives of the Estate Of )
Sindi Lucille Spray, DECEASED, )
  )
          Plaintiff, )
v. )
  )   Case No. CIV-20-1252-JD
1. BOARD OF COUNTY COMMISSIONERS )
OF OKLAHOMA COUNTY, In its Official )
Capacity as Governing Body of the County )
of Oklahoma County, )
  )
2.  JOHN WHETSEL, in his Official Capacity as )
Sheriff of Oklahoma County and, Individually, )
and )
  )
3.  ARMOR CORRECTIONAL )
HEALTH SERVICES, INC., a Florida )
Corporation. )
  )
         Defendants. )

## COMPLAINT

COME NOW the plaintiffs, William Ray Spray, Jr., and Rhonda Jean Spray,

Individually and as Personal Representatives of the Estate of Sindi Lucille Spray, Deceased,

by and through their attorney, Danny K. Shadid, and for their Complaint against the

defendants, jointly and severally, allege and state as follows:

## JURISDICTION, VENUE AND PARTIES

1.     The plaintiffs are husband and wife and the parents of Sindi Lucille Spray, Deceased.

They are also the duly appointed Personal Representatives of the Estate of Sindi Lucille

Spray, Deceased, and was so appointed in the case styled *In the Matter of the Estate of Sindi Lucille Spray, Deceased*, District Court of Pottawatomie County, Case No. PB-2019-17.

2.     The plaintiffs are citizens of Hughes County, Oklahoma.  Sindi Lucille Spray, Deceased, was a citizen of Cleveland County, within the Western District of Oklahoma.

3.     The plaintiffs bring this action individually as the parents of Sindi Lucille Spray, and in their capacities as Personal Representatives of the Estate of Sindi Lucille Spray, Deceased.

4.     Defendant Board of County Commissioners of Oklahoma County (hereafter, the "Board") is the duly elected and constituted governing body of the  County of Oklahoma County, State of Oklahoma.

5.     Defendant John Whetsel was, at all pertinent times, the Sheriff of and for the County of Oklahoma County. At all pertinent times, defendant Whetsel, in his official capacity as Sheriff and on behalf of the defendant Board, was in charge of the operation of the Oklahoma County Jail.

6.     Defendant Whetsel was the duly elected Oklahoma County Sheriff from or about 1997 through March 1, 2017.

7.     Defendant Armor Correctional Health Services, Inc. ("Armor"),  is a Florida corporation, with it principal place of business in Miami, Florida. Defendant Armor, at all pertinent times, conducted business in Oklahoma County, within the Western District of Oklahoma.  At all pertinent times, Armor was the provider of medical services at the Oklahoma County Jail in the capacity of a contractor and agent of defendants Board and/or Whetsel.

8.     All events and transactions giving rise to the plaintiffs' causes of action arose in Oklahoma County, Oklahoma, within the Western District of Oklahoma.

9.     Subject matter jurisdiction in this Court is predicated upon this Court's jurisdiction over issues involving federal questions pursuant to 28 U.S.C. §1331. In the present case, federal questions arise under U.S. Const. amend. XIV and under 42 U.S.C. §1983.

10.     This Court further has subject matter jurisdiction over the plaintiffs' state law claim against defendant Armor pursuant to this Court's supplemental jurisdiction, as provided in 28 U.S.C. §1367, as the plaintiffs' state law claim is so related to the plaintiffs' federal claims herein as to form part of the same case and controversy.

11.     This Court has jurisdiction over the parties in that, at all pertinent times, all defendants resided within, conducted business in and/or are situated within the Western District of Oklahoma.  All defendants may be served with Summons in the State of Oklahoma.

12.     Pursuant to 28 U.S.C. §1391(b)(1), venue properly lies in the Western District of Oklahoma in that all defendants conduct business within, reside within and can be served Summons within the Western District of Oklahoma. Additionally, pursuant to 28 U.S.C. §3291(b)(2), venue properly lies in the Western District of Oklahoma in that all events that give rise to the plaintiffs' claims occurred within the Western District of Oklahoma.

14.     Plaintiffs also bring their state law claim against defendant Armor under Oklahoma's wrongful death statutes, 12 O.S. 2011, §§1053 and 1054.

15.     All of the plaintiffs' claims arose on or after December 13, 2018.

16.     The plaintiffs originally brought their claims against the defendant Board and other Oklahoma County entities and groups of persons in an action commenced on April 3, 2020, styled *Spray v. Board of County Commissioners for Oklahoma County, et al.*, W. D. Okla., Case No. CIV-20-308-C. On July 2, 2020, the plaintiffs filed a Dismissal Without Prejudice and voluntarily dismissed the aforesaid action without prejudice to refiling (Doc. No. 22 in Case No. CIV-20-308-C).

17.     State law controls the applicable statute of limitations for federal claims that do not otherwise carry with them a designated federal statute of limitations. _____. Inasmuch as there does not exist a federal statute of limitations pertaining to the 42 U.S.C. §1983, Oklahoma state law controls the applicable statute of limitation.  The controlling Oklahoma statute of limitations is 12 O.S. 2011, §95, which provides that causes of action for personal injuries and deprivations of rights is two (2) years.  Oklahoma law also provides that an action dismissed without prejudice may be refiled within one (1) after the dismissal.

18.     The plaintiffs timely filed their Tort Claim Notice with the Oklahoma County Clerk on September 9, 2019. The County of Oklahoma County rejected the plaintiffs' Tort Claim. The plaintiffs' state law claim against Armor was timely filed as part of the plaintiffs' Complaint in Case No. CIV-20-308.

## FACTS

19.     Defendant was delivered to the Oklahoma County Jail on or about December 13, 2018, and was a pretrial detainee at that time and thereafter.

20.     During her detention at the Oklahoma County Jail,  Sindi Lucille Spray began suffering serious medical symptoms, including severe abdominal pain and burning in her chest, and began requesting and begging for medical attention.

21.     It was known to the defendants that Ms. Spray was addicted to heroin and that was suffering from withdrawal from  heroin, yet she was denied a medical proper evaluation and medical care.

22.     It is well-known to the  medical community that heroin use often leads to ulceration of the stomach, duodenal ulcers and the like.

23.     The defendants never admitted Ms. Spray to the Jail's medical unit.

24.     The defendants never provided a physician to examine Ms. Spray.

25.     On one occasion, a person thought to be a nurse or other medical assistant responded to Ms. Spray's complaints of severe abdominal pain and chest burning by giving Ms. Spray some blood pressure medicine, which had nothing to do with her symptoms of severe abdominal pain and chest burning.

26.     Under Oklahoma law, such blood pressure medication could not be legally prescribed or administered without the direct Order of a licensed physician.  Yet, it was administered without Ms. Spray ever being seen by a licensed physician.

27.     The administration and prescribing of blood pressure medication, without ever being seen by a physician when a medical unit was supposedly on site, constitutes lack of medical care, *per se.*

28.     Thereafter, after being denied basic medical care, Ms. Spray died in her cell.

29.     Ms. Spray's cell-mate saw Ms. Spray curl up in her bunk, moaning and writhing in pain.  The cell-mate fell asleep for a short while.  Upon awakening, Ms. Spray's cell-mate found Ms. Spray unresponsive on the cell floor.

30.     The cell-mate pounded on the cell door for 30 minutes in an attempt to get the attention of detention officers to attend to Ms. Spray.  No one responded during those 30 minutes.  When detentions officers finally responded after 30 minutes, Ms. Spray was determined to be dead at approximately 5:15 p.m., on December 16, 2018.

31.     As a result of the actions and/or inactions, Ms. Spray suffered a perforation of a duodenal ulcer, which ultimately resulted in her death. Sindi Spray also suffered conscious pain and suffering prior to her death as evidenced by her begging for medical attention, which was denied by representatives of one and/or all of defendants.

32.     Defendants or their representatives were at all times acting under color of state law.

33.     The actions and/or inactions of defendants and/or their representatives were deliberately indifference to Sindi Lucille Spray's need for medical care in that they:

a.     Failed to know and understand the medical right os detainees in the detention center relating to the providing prompt and adequate medical treatment to Sindi Spray and/or detainees;

b.     Failed to employ competent medical personnel to tend to the needs of those under the custody and control of the Oklahoma County Jail, including but not limited, to Sindi Lucille Spray's medical needs;

c.    Failed to perform any pre-admission medical screening of Sindi Lucille Spray and/or if one was preformed, it was done in a grossly inadequate manner;

d.    Failed to perform any prompt post-admission medical screening of Sindi Lucille Spray as an alternative to pre-admission screening or if one were performed, it was done in a grossly inadequate manner;

e.    Failed to adequately communicate Sindi Lucille Spray's medical condition between shifts, as well as failed to properly observe Sindi Lucille Spray on any type of minimum basis;

f.    Defendants ignored Sindi Lucille Spray's repeated requests for help and medical attention for serious medical needs;

g.    Failed to adequately document Sindi Lucille Spray's condition;

h.    Failed to recognize and respond in a timely manner to Sindi Lucille Spray's medical problems.

i.    Failed to call for a physician to examine, evaluate, and provide treatment to Sindi Lucille Spray during the time she was a detainee.

j.    Failed to ensure that emergency medical treatment of detainees could be accomplished in a reasonable time frame;

k.    Failed to provide person(s) with the authority to ensure that physicians were available in both a non-emergency and emergency basis;

l.    Failed to enforce an adequate plan to respond to both non-emergency and emergency medical needs of detainees.

34.     In addition to the actions and/or inactions of defendants, defendants further failed to adequately train and supervise staff regarding treating the medical needs of pre-trial detainees. Defendants and/or their agents failed to exercise reasonable care and training or supervision of its employees in providing reasonable medical care and treatment.

## COUNT I

### (Defendants Board of County Commissioners,
### County of Oklahoma County–Deprivation of Civil Rights)

35.     The plaintiff hereby adopts and re-alleges each and every allegation set forth in Paragraph Nos.1-34, above, and in Counts II-VI, below.

36.     The defendants, jointly and severally, had a duty to provide timely and adequate medical care to Ms. Spray.

37.     Defendant Board is charged with the duty of administering and overseeing all governmental functions of and for the County of Oklahoma County.

38.     Among the governmental functions which the defendant Board administers and oversees is the operation of the Oklahoma County Jail.

39.     At all times while a prisoner in the Oklahoma County, Sindi Lucille Spray had a liberty interest, protected by the Fourteenth Amendment to the United States Constitution, to be free from physical, emotional and/or psychological harm without due process of law.

40.     At all times while a prisoner in the Oklahoma County Jail, Sindi Lucille Spray had a right, under the Fourteenth Amendment to the United States Constitution, to her life and had a right to not be denied her life by the defendant Board without due process of law.

41.     The defendant Board, in its official capacity, violated the civil rights of Sindi Lucille Spray. 42 U.S.C. §1983.

42.     During his tenure as Oklahoma County Sheriff, defendant Whetsel created, approved and/or implemented the policies and procedures of the Oklahoma County Jail, including, but not limited to, policies and procedures relating to the training of detention officers, the hiring of detention officers, the supervision of detention officers, the retention of detention officers and the providing of medical care to prisoners.

43.     At all pertinent times, defendant Whetsel was acting within the scope of his office as Sheriff of Oklahoma County and under color of state law.

44.     At all pertinent times, defendant Whetsel, in his official capacity as Sheriff of Oklahoma County, acted as the policy-maker over the Oklahoma County Jail on behalf of the defendant Board.

45.     The defendant Board, on behalf of the County of Oklahoma County, is liable for the policies and procedures at the Oklahoma County Jail, created and/or implemented by defendant Whetsel, in his official capacity as Sheriff of Oklahoma County and for the medical-related policies and procedures created and/or implemented at the Oklahoma County Jail by defendant Armor.

46.     The defendant Board, through defendant Whetsel and/or defendant Armor, in their official capacities, maintained policies and procedures at the Oklahoma County Jail whereby Jail detention officers were not provided adequate and proper training to attend to the medical/healthcare needs of Jail prisoners, and, in particular, those of Ms. Spray.

47.     The defendant Board, through defendant Whetsel and defendant Armor, in their official capacities, maintained policies, procedures, customs, practices and an environment or culture to not properly supervise detention officers with regard to the medical needs of Jail prisoners and the medical care to be provided to Jail prisoners, including Ms. Spray.

48.     The defendant Board, through defendant Whetsel and defendant Armor, in their official capacities, maintained policies, procedures, customs, practices and an environment or culture  to allow untrained and/or ill-trained detention officers and personnel to oversee Jail prisoners and their respective medical/healthcare needs, including Sindi Lucille Spray, at and within the Oklahoma County Jail.

49.     The defendant Board, through defendant Whetsel and/or defendant Armor,  in their official capacities, maintained policies, procedures, customs, practices and an environment or culture  such that persons unqualified to attend to and/or monitor the medical needs of Jail prisoners, including Ms. Spray, were hired and/or retained as Jail personnel at the Oklahoma County Jail.

50.     The defendant Board, through defendant Whetsel and/or defendant Armor, in their official capacities, maintained policies, procedures, customs, practices and an environment or culture allowing and/or resulting in a gross lack of medical care being provided to Jail prisoners, including Sindi Lucille Spray.

51.     The conduct of the defendant Board, through defendant Whetsel and/or defendant Armor,  in their official capacities, establishes the Board's deliberate indifference for the safety, physical well-being, emotional welfare, psychological welfare and lives of

Oklahoma County Jail prisoners, including Sindi Lucille Spray.

52.     The defendant Board, through defendant Whetsel and/or defendant Armor, in their official capacities, created an environment or culture within the Oklahoma County Jail whereby ignoring and failing to attend to the medical, emotional, mental and/or psychological needs and/or conditions of Jail prisoners, including Sindi Lucille Spray, became accepted and the norm, and, ultimately, through their deliberate indifference, became the *de facto* policies of the defendant Board.

53.     The defendant Board's violations of Sindi Lucille Spray's civil rights, jointly and severally with the deprivations committed by defendant Whetsel and defendant Armor, and/or the medical negligence of defendant Armor, all as stated below, proximately and directly caused damages to Sindi Lucille Spray, including extreme physical damages, extreme emotional damages, economic damages and loss of life.

WHEREFORE, the plaintiff prays the Court enter Judgment against the  defendant Board and on this Count I, jointly and severally with defendant Whetsel on Counts II and III, below, and with defendant Armor on Counts IV, V and VI, below, for actual damages in an amount in excess of $75,000.00, together with court costs, statutory interest and attorneys fees.

## COUNT II
### (Defendant John Whetsel, In His Official Capacity–Deprivation of Civil Rights)

54.     The plaintiff hereby adopts and re-alleges each and every allegation set forth in Paragraph Nos.1-53, above, and in Counts III-VI, below.

55.    This Count is brought against defendant Whetsel in his official capacity as Sheriff of Oklahoma County.

56.    All of the aforesaid policies and procedures were, either in toto or in part, originally created, maintained and/or implemented by defendant Whetsel, in his official capacity as Oklahoma County Sheriff and all under color of state law.

57.    Defendant Whetsel, in his official capacity as Sheriff of Oklahoma County, was deliberately indifferent toward the medical and/or psychological needs of jail prisoners, including Ms. Spray, and by his deliberate indifference established and allowed customs, practices and an environment or culture equating to a *defacto* policy of  allowing Jail detention officers and/or Jail medical personnel to fail and/or refuse to attend to the medical and/or psychological needs of jail prisoners, including Ms. Spray.

58.    The aforesaid policies, procedures, customs, practices, environment, culture and *defacto* policies proximately and directly caused the aforementioned deprivation of Sindi Lucille Spray's civil rights as guaranteed by the Fourteenth Amendment to the United States Constitution, resulting in the aforementioned damages suffered by Sindi Lucille Spray. 42 U.S.C. §1983.

59.    Defendant Whetsel, in his official capacity as Sheriff of Oklahoma County, at all pertinent times, had a duty to Sindi Lucille Spray and all other Oklahoma County Jail prisoners to create, maintain and implement policies and procedures that would not violate the constitutional and civil rights of Sindi Lucille Spray and all other Jail prisoners. 42 U.S.C. §1983.

60.     Defendant Whetsel, in his official capacity as Sheriff of Oklahoma County, breached all of his aforesaid duties and violated the all of the aforesaid constitutional and federal civil rights of Sindi Lucille Spray, and did so under color of state law. 42 U.S.C. §1983.

61.     Defendant Whetsel's conduct, in his official capacity as Sheriff of Oklahoma County, constituted deliberate indifference in relation to, *inter alia*, the below-listed factors and/or conditions within the Oklahoma County Jail, *i.e.*,

(1)     the failure to professionally train Oklahoma County Jail detention officers with regard to observation of Jail prisoners, including Ms. Spray, in need of medical care;

(2)     the failure to provide medical care to Jail prisoners, including Ms. Spray, in need of the same;

(3)     the failure to hire and/or retain persons qualified to attend to and/or monitor the medical needs of Jail prisoners, including Ms. Spray;

(4)     allowing and/or creating customs, practices, environment, culture and atmosphere within the Oklahoma County Jail where ignoring the medical complaints and/or needs of Jail prisoners, including Sindi Lucille Spray, to become accepted conduct, resulting in all of the aforesaid factors and/or conditions becoming the *de facto* policies and procedures at and of the Oklahoma County Jail; and

(5)     allowing and/or creating an customs, practices, environment, culture and atmosphere within the Oklahoma County Jail whereby Jail detention officers would be prone to ignore the medical complaints and/or needs of Jail prisoners, including Sindi Lucille Spray.

62.     Defendant Whetsel's violations of Sindi Lucille Spray's civil rights, while acting in his official capacity as Sheriff of Oklahoma County, jointly and severally with the wrongful conduct of all other defendants on all other Counts herein, proximately and directly caused damages to Sindi Lucille Spray, including extreme physical damages, extreme emotional damages, economic damages and loss of life.

WHEREFORE, the plaintiff prays the Court enter Judgment against defendant Whetsel on this Count II, jointly and severally with all other defendants on all of the plaintiff's other Counts set forth herein, for actual damages in an amount in excess of $75,000.00, together with court costs, statutory interest and attorneys fees.

## COUNT III
### (Defendant John Whetsel, Individually–Deprivation of Civil Rights)

63.     The plaintiff hereby adopts and re-alleges each and every allegation set forth in Paragraph Nos.1-62, above, and in Counts IV-VI, below.

64.     This Count is brought against defendant Whetsel, individually, under color of state law, while serving as Sheriff of Oklahoma County.

65.     The aforesaid conduct and deliberate indifference of defendant Whetsel, and the policies and procedures resulting therefrom, were egregious, wanton, and in reckless

disregard of the civil rights of Sindi Lucille Spray. The aforesaid conduct and deliberate indifference of defendant Whetsel were such that defendant Whetsel should be made to suffer punitive damages so as to punish defendant Whetsel and to set an example for others.

WHEREFORE, the plaintiff prays the Court enter Judgment against defendant Whetsel, individually, on this Count III, jointly and severally with all other defendants on all of the plaintiffs' other Counts set forth herein, for actual damages in an amount in excess of $75,000.00, and for punitive damages in an amount in excess of $75,000.00, together with court costs, statutory interest and attorneys fees.

## COUNT IV
### (Defendant Armor Correctional Health Services-Deprivation of Civil Rights)

66.     The plaintiff hereby adopts and re-alleges each and every allegation set forth in Paragraph Nos.1-65, above, and in Counts V and VI, below.

67.     This Count is brought against defendant Armor in its official capacity as the authorized provider of medical/psychological care of Jail prisoners at the Oklahoma County Jail, including Ms. Spray, and the authorized policy-maker regarding policies pertaining to the medical/psychological care of Jail prisoners, including Ms. Spray, at the Oklahoma County Jail.

68.     Defendant Armor's medical-related policy making and/or *de facto* policies created through Armor's deliberate indifference to the medical needs to jail prisoners, including Ms. Spray, was all under color of state law.

69.     Defendant Armor, at all pertinent times, was on contract with the defendant

Board to provide medical and healthcare services to prisoners, including Ms. Spray, of the Oklahoma County Jail. Defendant Armor was delegated, by contract, the duty to provide medical care to Jail prisoners, including Ms. Spray.

70.     Defendant Armor, at all pertinent times, was, by contract and under the direction and auspices of the defendant Board and defendant Whetsel, tasked with providing medical and other health care services to all prisoners in the Oklahoma County Jail, including Sindi Lucille Spray.

71.     Defendant Armor was delegated policy-making authority regarding medical/psychological matters pertaining to Jail prisoners by defendant Whetsel and/or the defendant Board.  This was either by contract between the Board and Armor, and/or by actual practice between defendant Whetsel and defendant Armor.

72.     Defendant Armor, either jointly with defendant Whetsel and the defendant Board, or, on behalf of and defendant Board and defendant Whetsel, formulated policies, procedures, customs, practices, environment, and culture pertaining to medical evaluations of jail prisoners upon intake, evaluation and treatment of prisoners medical and/or needs.

73.     Defendant Armor, at all pertinent times, exhibited deliberate indifference in its failure to obtain adequate health histories of jail prisoners, including Ms. Spray, in its failure to recognize life threatening conditions of prisoners such as Ms. Spray, in its failure to respond to the physical complaints, of prisoners, including Ms. Spray, in its failure to treat and/or arrange for treatment of prisoners, including Ms. Spray, and in its creation of a system

whereby medical complaints of Jail prisoners, including Ms. Spray, were not made known to and/or taken seriously by Armor's medical staff.

74.     Defendant Armor created and/or maintained medical-related policies, procedures, customs, practices and/or an environment, culture and atmosphere at the Oklahoma County Jail such that prisoners, including Ms. Spray, were not adequately screened for existing life threatening conditions.

75.     Defendant Armor created and/or maintained medical-related policies, procedures, customs, practices and/or an environment, culture and atmosphere at the Oklahoma County Jail such that life sustaining treatment was denied prisoners, including Ms. Spray.

76.     Defendant Armor, at all pertinent times, exhibited deliberate indifference to Ms. Spray's Fourteenth Amendment right to not be deprived of her life  and/or liberty interests without due process of law.

77.     As a result of defendant Armor's violations of Ms. Spray's constitutionally protected civil rights, while acting under color of state law, Ms. Spray suffered extreme damages as set forth hereinabove.

WHEREFORE, the plaintiff prays the Court enter Judgment against defendant Armor on this Count IV, jointly and severally with all other defendants on all of the plaintiffs' other Counts set forth herein, for actual damages in an amount in excess of $75,000.00, together with court costs, statutory interest and attorneys fees.

## COUNT V
### (Defendant Armor Correctional Health Services, Individually- Negligence)

78.     The plaintiff hereby adopts and re-alleges each and every allegation set forth in Paragraph Nos.1-79, above, and Count VI, below.

79.     This Count is brought against Armor, individually.

80.     Defendant Armor, at all pertinent times, separate from and in addition to its policy-making functions in the Oklahoma County Jail, had an independent duty to all prisoners in the Oklahoma County Jail, including Sindi Lucille Spray, to provide timely and adequate medical care within the accepted standard of medical care to Jail prisoners.

81.     All of Armor's physicians and nurses are required to be licenced by the State of Oklahoma in order to provide health care services in Oklahoma, including at the Oklahoma County Jail.

82.     Defendant Armor had an independent duty to all Jail prisoners, including Sindi Lucille Spray, to provide timely and adequate medical care to all such prisoners and to Ms. Spray.

83.     Defendant Armor breached its independent duty of medical care to Ms. Spray.

84.     Defendant Armor failed to obtain adequate intake information on Ms. Spray, including, but not limited to, Ms. Spray's medical history.  Defendant Armor failed to provide and /or arrange for medical treatment for Ms. Spray, including, but not limited to, evaluation and treatment of Ms. Spray's extreme abdominal pain and burning in the chest.

85.     Defendant Armor failed to provide medical care and treatment within the

accepted standard of medical care and was negligent in, *inter alia*, failing to obtain a proper medical history, failing to recognize Ms. Spray's medical condition, failing to care for Ms. Spray's duodenal ulcer and the perforation of the same.

86.     As a result of defendant Armor's breach of care, jointly and severally with the breaches of Ms. Spray's civil rights as set forth in Counts I-IV, above, Sindi Lucille Spray died in the Oklahoma County Jail on December 16, 2018.

87.     Damages suffered by Ms. Spray include, but are not limited to,  extreme physical damages, extreme emotional damages, economic damages and loss of life.

88.     Defendant Armor's medical negligence and failure to provide timely and adequate medical care to Sindi Lucille Spray was egregious, wanton and in reckless disregard of the rights of Ms. Spray.  Defendant Armor, jointly and severally with defendant Whetsel, should be made to suffer punitive damages so as to punish defendant Armor and to set an example for others.

WHEREFORE, the plaintiffs pray the Court enter Judgment against defendant Armor, individually, on this Count V, jointly and severally with all other defendants on all of the plaintiff's other Counts set forth herein, for actual damages in an amount in excess of $75,000.00, and for punitive damages in an amount in excess of $75,000.00, together with court costs, statutory interest and attorneys fees.

### COUNT VI
### (State Law Claim–Deprivation of State Constitutional Rights–All Defendants)

89.     The plaintiff hereby adopts and re-alleges each and every allegation set forth

in Paragraph Nos.1-88, above.

90.     The actions and/or inactions described herein are in direct violation of Article II, §9 of the Oklahoma Constitution and violated Sindi Spray's constitutional rights. *Bosh v. Cherokee County Building Authority*, 2013 OK 9. Such actions or inactions that actually arose from defendants' employees and constitute torts as described herein. The actions or inactions of defendants or their representatives were done with such reckless indifference to the rights and well-being of Sindi Spray as to justify an award of punitive damages.

91.     Further, the actions and omissions set forth herein were extreme and outrageous in that they were clearly intolerable in a civilized society. These actions include intentional infliction of emotional distress to Sindi Spray and plaintiffs herein.

92.     The Constitution of the State of Oklahoma, under Article II, § 9 provides a private right of action for Sindi Spray and all other inmates who are in pre-trial custody to be free in their persons from cruel and unusual punishment, which includes protection from the denial of needed medical care while in custody. The actions of defendants or their employees violated Sindi Spray's Oklahoma constitutional rights entitling plaintiffs to actual damages and punitive damages against all defendants, jointly and severally.

WHEREFORE, the plaintiffs pray the Court enter Judgment against all defendants, jointly and severally, Armor,  on this Count VI, for actual damages in an amount in excess of $75,000.00, and for punitive damages in an amount in excess of $75,000.00, together with court costs, statutory interest and attorneys fees.

Respectfully submitted,


s/ Danny K. Shadid
Danny K. Shadid, OBA No.8104
Of Counsel
RIGGS, ABNEY, NEAL, TURPEN,
ORBISON & LEWIS LAW FIRM
528 NW 12th Street
Oklahoma City, OK 73103
Phone: (405) 843-9909
Facsimile: (405) 842-2913
E-mail:dshadid@riggsabney.com
*Attorney for Plaintiff*

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**