**NO. CIV-20-1252-C**

---

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

---

**BILL AND RHONDA SPRAY,**

**Plaintiffs,**

**v.**

**THE BOARD OF COUNTY COMMISSIONERS
OF OKLAHOMA COUNTY, et al**

**Defendants,**

---

**SPECIAL APPEARANCE AND MOTION TO DISMISS COMPLAINT BY
DEFENDANT JOHN WHETSEL WITH BRIEF IN SUPPORT**

---

**AARON ETHERINGTON, OBA # 18,259**

**Assistant District Attorney
Oklahoma County District Attorney's Office
320 Robert S. Kerr, Suite 501
Oklahoma City, OK 73102
(405) 713-1600 Phone
(405) 713-1749 Fax
aaron.etherington@oklahomacounty.org**

**Attorney for Defendant John Whetsel**

## **TABLE OF CONTENTS**

**INTRODUCTION** .         .         .         .         .         .         .         .         .         1

**ARGUMENT AND AUTHORITIES**   .         .         .         .         .         .         2

**PROPOSITION I:**
  Plaintiffs Lack Standing to Bring any Federal
  or State Law Action against Defendant Whetsel.         .         .         .         2

  A. No Injury is Fairly Traceable to Conduct of
     Defendant Whetsel.   .         .         .         .         .         .         .         3

  B. Plaintiffs Lack Prudential Standing to Assert
     Federal aand State Law Claims of Their Own.   .         .         .         4

**PROPOSITION II:**
  Plaintiff's Complaint Must Be Dismissed for
  Failure to Join a Necessary Party Where
  Defendant Whetsel Was Not Sheriff at the Time
  of the Alleged Events and, Thus, Cannot Be an
  Agent of the County.         .         .         .         .         .         .         .         5

**PROPOSITION III:**
  Plaintiffs Fail to State a Claim for Relief
  Under Section 1983 Against Defendant Whetsel
  In His Individual Capacity and Defendant is
  Otherwise Entitled to Qualified Immunity.   .         .         .         .         6
  Entitled to Dismissal of the Federal Claim

  A. Plaintiffs Fail to Establish Any Violation of
     Decedent's Constitutional Right to Adequate
     Medical Care.   .         .         .         .         .         .         .         7

  B. Plaintiffs Fail to State a Section 1983 Claim
     For Relief Against Defendant Whetsel in His
     Individual Capacity Where They Cannot
     Establish Personal Participation nor an
     Affirmative Link Between Defendant and Any
     Alleged Constitutional Violation Where
     Defendant Was Not Sheriff at the Time of the
     Alleged Events.         .         .         .         .         .         .         .         10

  C. Defendant is Entitled to Qualified Immunity

From Suit in His Individual Capacity. . . . . . 13

**PROPOSITION IV:**
Plaintiffs' State Law *Bosh* Claim Must Be
Dismissed Where There Is No Recognized
State Constitutional Right to Medical Care
And Where There is Otherwise No
Individual Liability on a *Bosh* Claim. . . . . 15

A. There is No State Constitutional Right to
Medical Care . . . . . . . . 15

B. A *Bosh* Claim Does Not Lie to Impose
Individual Liability. . . . . . . 16

**CONCLUSION** . . . . . . . . 19

**CERTIFICATE OF SERVICE** . . . . . . 20

# TABLE OF AUTHORITIES

## Case Law

*Anderson v. Suiters*,
     499 F.3d 1228 (10th Cir. 2007)   .   .   .   .   .   .   6

*Archuleta v. McShan*,
     897 F.2d 495 (10th Cir. 1990)   .   .   .   .   .   .   4

*Ashcroft v. Iqbal*,
     556 U.S. 662 (2009)   .   .   .   .   .   .   7, 9, 10, 12

*Barrios v. Haskell Cnty. Pub. Fac. Auth.*,
     432 P.3d 233 (Okla. 2018)   .   .   .   .   .   .   .   16

*Bell Atl. Corp. v. Twombly*,
     550 U.S. 544 (2007)   .   .   .   .   .   .   .   7, 9

*Broadrick v. Oklahoma*,
     413 U.S. 601 (1973) .   .   .   .   .   .   .   .   4

*Brown v. Montoya*,
     662 F.3d 1152 (10th Cir. 2011)   .   .   .   .   .   .   10

*Bryson v. City of Edmond*,
     905 F.2d 1386 (10th Cir. 1990)   .   .   .   .   .   .   9

*Bosh v. Cherokee Cnty. Gov. Bldg. Auth.*,
     305 P.3d 994 (Okla. 2013)   .   .   .   .   .   .   15, 16, 17

*Bowens v. Bd. of Cnty. Comm'rs*,
     No. CIV-19-314-C, 2020 WL 2892670 (W.D. Okla. June 2, 2020)   .   6

*Carter v. Davis*,
     No. 14-CV-178-JED-FHM, 2019 WL 4655901 (N.D. Okla. Sept. 24, 2019)  19

*City of St. Louis v. Prapotnik*,
     485 U.S. 112 (1988) .   .   .   .   .   .   .   .   6

*Copeland v. City of Lawton*,
     No. CIV-18-558, 2018 WL 5315212 (W.D. Okla. Oct. 26, 2018)   .   18

*Cox v. Glanz*,
    800 F.3d 1231 (10th Cir. 2015)   .      .      .      .      .      .      .   9, 14

*Dodds v. Richardson*,
    614 F.3d 1185 (10th Cir. 2010)   .      .      .      .      .      .      .   11

*Dohaish v. Tooley*,
    670 F.2d 934 (10th Cir. 1982)   .      .      .      .      .      .      .   4

*Duvall v. Okla. State. Bd. of Osteopathic Ex.*,
    No. CIV-17-247-F, 2018 WL 6333708 (W.D. Okla. Aug. 10, 2018)   .   19

*Estelle v. Gamble*,
    429 U.S. 97 (1976)   .      .      .      .      .      .      .      .   7

*Farmer v. Brennan*,
    511 U.S. 825 (1994).      .      .      .      .      .      .      .   8

*Fogarty v. Gallegos*,
    523 F.3d 1147 (10th Cir. 2008)   .      .      .      .      .      .      .   11

*Foote v. Spiegel*,
    118 F.3d 1416 (10th Cir. 1997)   .      .      .      .      .      .      .   10

*Forest Oil Corp. v. Corporation Comm'n*,
    807 P.2d 774 (Okla. 1990)   .      .      .      .      .      .      .   4

*Gallagher v. Shelton*,
    587 F.3d 1063 (10th Cir. 2009)   .      .      .      .      .      .      .   11

*Green v. Bd. of Cnty. Commr's*,
    No. 147-CV-577-JED-FHM, 2018 WL 4956113 (N.D. Okla. Oct. 12, 2018)   18

*Green v. Branson*,
    108 F.3d 1296 (10th Cir. 1997)   .      .      .      .      .      .      .   12

*Hafer v. Melo*,
    502 U.S. 21 (1991)   .      .      .      .      .      .      .      .   5, 10

*Harlow v. Fitzgerald*,
    457 U.S. 800 (1982).      .      .      .      .      .      .      .   13

*Henderson v. Secretary of Corrections*,
    518 F.2d 694 (10th Cir. 1975)   .      .      .      .      .      .      .   7

*Hooks v. Atoki*,
    983 F.3d 1193 (10th Cir. 2020) . . . . . . . 7

*Hunt v. Uphoff*,
    199 F.3d 1220 (10th Cir. 1999) . . . . . . . 8

*Kentucky v. Graham*,
    473 U.S. 159 (1985) . . . . . . . . 10

*Langley v. Adams Cnty.*,
    987 F.2d 1473 (10th Cir. 1993) . . . . . . . 12

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) . . . . . . . . 3

*Maher v. State*,
    165 F.Supp.3d 1089 (W.D. Okla. 2016) . . . . . 19

*Meade v. Grubbs*,
    841 F.2d 1512 (10th Cir. 1988) . . . . . . . 12

*Meadows v. Whetsel*,
    No. CIV-14-1030-HE, 2015 WL 7016496 (W.D. Okla. Nov. 10, 2015) 19

*Mitchell v. Forsyth*,
    472 U.S. 511 (1985) . . . . . . . . 13

*Morris v. Humphrey*,
    CIV-14-497-W, 2014 WL 3488895 (W.D. Okla. July 11, 2014) . 19

*Oxendine v. Kaplan*,
    241 F.3d 1272 (10th Cir. 2001) . . . . . . . 8

*Pearson v. Callahan*,
    555 U.S. 223 (2009) . . . . . . . . 13, 14

*Pellegrino v. State*,
    63 P.3d 535 (Okla. 2003) . . . . . . . 5

*Pembaur v. City of Cincinnati*,
    475 U.S. 469 (1986) . . . . . . . . 6

*Perry v. City of Norman*,
    341 P.3d 689 (Okla. 2014) . . . . . . . 17, 18

*PeTA v. Rasmussen*,
    298 F.3d 1198 (10th Cir. 2002) . . . . . . . 3

*Ramos v. Lamm*,
    639 F.2d 559 (10th Cir. 1980) . . . . . . . 8

*Reynolds v. Powell*,
    370 F.3d 1028 (10th Cir. 2004) . . . . . . . 13, 14

*Ridge at Red Hawk, L.L.C. v. Schneider*,
    493 F.3d 1174 (10th Cir. 2007) . . . . . . . 7

*Sac and Fox Nation v. Pierce*,
    213 F.3d 566 (10th Cir. 2000) . . . . . . . 4

*Saucier v. Katz*,
    533 U.S. 194 (2001) . . . . . . . . 14

*Schneider v. City of Grand Junction Police Dep't*,
    717 F.3d 760 (10th Cir. 2013) . . . . . . 11

*Shed v. State*,
    No. 16-383-RAW, 2017 WL 1496039 (E.D. Okla. Apr. 25, 2017) . 19

*Self v. Crum*,
    439 F.3d 1227 (10th Cir. 2006) . . . . . . . 8

*Smith v. Hedgecock*,
    No. 18-CV-46-JHP, 2018 WL 3478893 (E.D. Okla. Jul. 19, 2018) . 19

*Snyder v. Trepangnier*,
    142 F.3d 791 (5th Cir. 1998) . . . . . . . 12

*Speight v. Presley*,
    203 P.3d 173 (Okla. 2008) . . . . . . . . 5

*Strain v. Regalado*,
    977 F.3d 984 (10th Cir. 2020) . . . . . . . 7

*Taylor v. Barkes*,
    575 U.S. 822 (2015) . . . . . . . . 9, 14

*The Wilderness Soc'y v. Kane Cnty.*,
    632 F.3d 1162 (10th Cir. 2011) . . . . . . . 4

*Turner v. McGee*,
681 F.3d 1215 (10th Cir. 2012)    .    .    .    .    .    .    3

*Washington v. Rogers*,
No. CIV-18-1116-D, 2019 WL 5191830 (W.D. Okla. Oct. 15, 2019)    18

*Wilson v. Seiter*,
501 U.S. 294 (1991) .    .    .    .    .    .    .    .    .    8

## Constitutional and Statutory Provisions and Rules

Okla. Stat. tit. 12, § 1053    .    .    .    .    .    .    .    .    4

Okla. Stat. tit. 19, § 4    .    .    .    .    .    .    .    .    6

Okla. Stat. tit. 19, § 513    .    .    .    .    .    .    .    .    3

Okla. Stat. tit. 51, § 152    .    .    .    .    .    .    .    .    18

Okla. Stat. tit. 57, § 4    .    .    .    .    .    .    .    .    3

Okla. Stat. tit. 57, § 47    .    .    .    .    .    .    .    .    3

Okla. Stat. tit. 57, § 52    .    .    .    .    .    .    .    .    3

Okla. Stat. tit. 57, § 53    .    .    .    .    .    .    .    .    3

Okla. Stat. tit. 57, § 54    .    .    .    .    .    .    .    .    3

Fed. R. Civ. P. 12    .    .    .    .    .    .    .    .    .    3, 5, 6

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

BILL AND RHONDA SPRAY,            )
Individually and as Representatives of   )
THE ESTATE OF SINDI SPRAY,        )
                                  )
        Plaintiffs,               )
                                  )
vs.                               )        Case No.      CIV-20-1252-C
                                  )
THE BOARD OF COUNTY               )
COMMISSIONERS OF OKLAHOMA          )
COUNTY, et al.                    )
                                  )
        Defendants.               )

## SPECIAL APPEARANCE AND MOTION TO DISMISS COMPLAINT BY DEFENDANT JOHN WHETSEL

### INTRODUCTION

John Whetsel began his career in law enforcement in 1967 and was first elected to the position of Oklahoma County Sheriff in 1997. After an honorable and distinguished career spanning 50 years, he chose to retire to enjoy a more comfortable life with his loving wife, children and grandchildren. John Whetsel left public service on March 1, 2017 – over a year and a half before Sindi Spray was arrested and died of natural causes at the Oklahoma County Detention Center. Plaintiffs' own Complaint admits that John Whetsel was no longer Sheriff of Oklahoma County at the time of these events. [DOC 1, Complaint ¶¶ 6, 19, 30] In the face of this admission, their attempt to now disturb the peace of his retirement and force him to defend a suit for which he can never be liable is nothing short of harassment. Defendant now prays this Honorable Court will dismiss the

patently frivolous Complaint against him with prejudice and allow him to return to the life of tranquility that he deservingly earned after half a century of public service.

## ARGUMENT AND AUTHORITIES

Defendant Whetsel denies that Plaintiffs are entitled to any relief.  As an initial matter, Defendant submits that Plaintiffs' suit is subject to dismissal for lack of standing and failure to join a necessary party.  Specifically, because Defendant Whestel was not Sheriff at the time of the alleged events, Plaintiffs cannot establish any causal connection between the alleged injuries and any conduct of Defendant.  Nor can neither serve as an agent of Oklahoma County.  For the same reason, Plaintiffs cannot plead any plausible federal or state law claims against him.  As such, Defendant is entitled to dismissal of Plaintiffs' Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure.

## I.  PLAINTIFFS LACK STANDING TO BRING ANY FEDERAL OR STATE LAW ACTION AGAINST DEFENDANT WHETSEL.

As both a jurisdictional and threshold matter, Plaintiffs lack standing to pursue any federal or state law claim against Defendant Whetsel.  Here, Plaintiffs lack standing in two different respects.  First, Plaintiffs lack constitutional standing required to invoke this Court's Article III jurisdiction, as they cannot establish a causal connection between the injuries alleged and Defendant Whetsel where, by their own admissions, he was not Sheriff of Oklahoma County at the time of the alleged events.  Secondly, Plaintiffs lack prudential standing where they seek, in part, to assert individual claims based upon the rights of the decedent.

**A.     NO INJURY IS FAIRLY TRACEABLE TO CONDUCT OF DEFENDANT WHETSEL.**

Rule 12 of the Federal Rules of Civil Procedure provides that a party may move to dismiss a claim for relief on the grounds that the court lacks jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Pursuant to Article III of the Constitution, a federal court has jurisdiction to hear "cases" and "controversies."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992).  An essential element of jurisdiction to resolve a case or controversy is that of standing.  *Id.*; *see also PeTA v. Rasmussen*, 298 F.3d 1198, 1202 (10th Cir. 2002)(stating "standing is a jurisdictional issue").  To have standing, there must be (1) an injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury is redressable by a favorable decision.  *Id.* at 560-61; *see also Turner v. McGee*, 681 F.3d 1215, 1218 (10th Cir. 2012).  Regarding the second element, the United States Supreme Court has said that, "the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court."  *Id.* at 560.

In the case at bar, Plaintiffs admit that Defendant Whestel was acting Sheriff of Oklahoma County until March 1, 2017.  [DOC 1, Complaint ¶ 6]  They also admit that the alleged violation of decedent's state and federal constitutional rights occurred during her time of incarceration between December 13, 2018 and the time of her death on December 16, 2018.  [DOC 1, Complaint ¶ 19, 30]  As a matter of state law, absent limited exceptions not applicable here, only the duly elected and acting Sheriff has the power to operate a county jail.  Okla. Stat. tit. 19, § 513; Okla. Stat. tit. 57, §§ 4, 47, 52-

54.   In this light, no injury of Plaintiffs is fairly traceable to acts or omissions of Defendant Whetsel and, thus, they lack jurisdictional standing for any federal or state law claim.

## B.    PLAINTIFFS LACK PRUDENTIAL STANDING TO ASSERT FEDERAL AND STATE LAW CLAIMS OF THEIR OWN.

In addition to Article III standing, a plaintiff must have prudential standing. Though separate from constitutional standing, prudential standing is a threshold inquiry "which embodies judicially self-imposed limits on the exercise of federal jurisdiction." *The Wilderness Soc'y v. Kane Cnty.*, 632 F.3d 1162, 1168 (10th Cir. 2011).   "Prudential limitations – which are closely related to Article III concerns but essentially matters of judicial self-governance – include a general prohibition on a litigant raising another person's legal rights."   *Id.* (internal quotations omitted); *Sac and Fox Nation v. Pierce,* 213 F.3d 566, 573 (10th Cir. 2000).   In the present case, Plaintiffs lack prudential standing with regard to their individual federal and state law claims.   [DOC 1, Complaint ¶ 3]

A Section 1983 action exists to vindicate personal rights; a plaintiff may not seek redress for the violation of the rights of others.   *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990); *Dohaish v. Tooley*, 670 F.2d 934, 936 (10th Cir. 1982).   This is a tenant of state law as well.   *Forest Oil Corp. v. Corporation Com'n*, 807 P.2d 774, 788 (Okla. 1990).   These principals are founded on the notion that "constitutional rights are personal and may not be asserted vicariously."   *Broadrick v. Oklahoma*, 413 U.S. 601, 610 (1973); *Forest Oil*, 807 P.2d at 788.   Concomitantly, only the representatives acting on behalf of an estate, may bring a state law claim for wrongful death.   Okla. Stat. tit. 12, § 1053.

4

In the present case, Plaintiffs seek relief only for the wrongs they allege were committed against decedent, rather than any of their own.  As such, Plaintiffs do not have a legally protected interest in the litigation apart from what they may have as representatives of decedent's estate.  Accordingly, Plaintiffs lack prudential standing and their individual claims against Defendant must be dismissed.

## II. PLAINTIFFS' COMPLAINT MUST BE DISMISSED FOR FAILURE TO JOIN A NECESSARY PARTY WHERE DEFENDANT WHETSEL WAS NOT SHERIFF AT THE TIME OF THE ALLEGED EVENTS AND, THUS, CANNOT BE AN AGENT OF THE COUNTY.

Plaintiffs bring suit against Defendant Whetsel in both his official capacity and individual capacity.  However, they fail to recognize that Defendant Whetsel has no official capacity.

Of course, as this Court is well aware, suits against a government official in his or her official capacity represent a way of pleading an action against the entity of which the officer is an agent. *Hafer v. Melo*, 502 U.S. 21, 25 (1991).  The same is true under state law. *Speight v. Presley*, 203 P.3d 173, 179 (Okla. 2008); *Pellegrino v. State*, 63 P.3d 535, 537 (Okla. 2003).  Here, however, by their own admission, Defendant Whetsel was neither an officer nor an agent of Oklahoma County at the time of the events alleged in Plaintiffs' Complaint.  [DOC 1, Complaint ¶¶ 6, 9, 30]  Under these circumstances, Plaintiffs' Complaint is subject to dismissal pursuant to Rule 12 for failure to join a necessary party. Fed. R. Civ. P. 12(b)(7).  In particular, Plaintiffs have failed to join as a party an actual officer of the County, in his or her official capacity, who had power to act in the areas out of which their federal and state law claims arise – a critical component of

5

an action brought under Section 1983 as well as one brought under state tort law. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986); *City of St. Louis v. Prapotnik*, 485 U.S. 112, 124-26 (1988); Okla. Stat. tit. 19, § 4; *cf. Bowens v. Bd. of Cnty. Comm'rs*, No. CIV-19-314-C, 2020 WL 2892670, *2 (W.D. Okla. June 2, 2020). As Plaintiffs have failed to name and serve summons upon a proper agent of the County, their Complaint must be dismissed to the extent they attempt to name Defendant Whetsel as an official capacity representative of the County.

### III.   PLAINTIFFS FAIL TO STATE A CLAIM FOR RELIEF UNDER SECTION 1983 AGAINST DEFENDANT WHETSEL IN HIS INDIVIDUAL CAPACITY AND DEFENDANT IS OTHERWISE ENTITLED TO QUALIFIED IMMUNITY.

As urged in the preceding sections, Plaintiffs lack standing to bring any claim, including a Section 1983 claim, against Defendant Whetsel and have failed to join a necessary party. While these deficiencies, without more, justify dismissal of their Complaint, their federal law claim is also subject to dismissal because they fail to state a plausible claim for relief. Moreover, Defendant Whetsel is entitled to qualified immunity.

Rule 12 of the Federal Rules of Civil Procedure provides that a party may move to dismiss a claim for relief on the grounds that the plaintiff has failed to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss may be granted if, "viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain enough facts to state a claim to relief that is plausible on its face." *Anderson v. Suiters*, 499 F.3d

1228, 1232 (10th Cir. 2007)(quotations omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  Stated another way: "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."  *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  Applying these principles to the Complaint in the case at bar, the same must be dismissed for failure to state a claim upon which relief may be granted.

## A.   PLAINTIFFS FAIL TO ESTABLISH ANY VIOLATION OF DECEDENT'S CONSTITUTIONAL RIGHT TO ADEQUATE MEDICAL CARE.

It is well established that the Constitution does not guarantee a prisoner the type or scope of medical treatment of his choice.  *Henderson v. Secretary of Corrections*, 518 F.2d 694, 695 (10th Cir. 1975).  Nor is the Constitution offended by claims of mere negligence in diagnosing or providing medical care.  *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).  Rather, to state a claim under Section 1983 for a violation of a prisoner's right to adequate medical care, a plaintiff must demonstrate that the defendant was deliberately indifferent to his serious medical needs.  *Estelle*, 429 U.S. at 104; *Strain v. Regalado*, 977 F.3d 984, 990-91 (10th Cir. 2020); *Hooks v. Atoki*, 983 F.3d 1193, 1207 (10th Cir. 2020).

"Deliberate indifference" is defined as knowing and disregarding an excessive risk to an inmate's health or safety.  *Farmer v. Brennan*, 511 U.S. 825, 827 (1994).

The deliberate indifference standard has two components, each of which a plaintiff must establish: (1) an objective requirement that the pain or deprivation be sufficiently serious; and (2) a subjective requirement that the offending official act with a sufficiently culpable state of mind.  *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991).  To satisfy the objective component of the inquiry, the plaintiff must establish a sufficiently serious medical need.  *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999); *see also Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001).  As stated by the Tenth Circuit, "a medical need is sufficiently serious 'if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'"  *Id.* (quoting *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980)).  Under the subjective component, an official does not violate the Eighth Amendment unless the official knows of and disregards an excessive risk; that is to say, the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Self v. Crum*, 439 F.3d 1227, 1230-31 (10th Cir. 2006).

Applying these principals to the matter *sub judice*, Plaintiffs wholly fail to meet the objective component of the deliberate indifference inquiry.  Nothing in Plaintiffs' Complaint alleges that the decedent's perforated duodenal ulcer was known by anyone to exist, including decedent herself, such that would have been obvious to even a lay person that medical treatment was necessary.  To the contrary, Plaintiffs' expressly fault

8

Defendant for failing to conduct medical screenings to discover the condition in the first instance.  [DOC 1, Complaint ¶¶ 21, 33, 72, 73, 84-85]  However, no decision of the United States Supreme Court or the Tenth Circuit has mandated, as a constitutional matter, medical screening designed to discover a latent medical condition in need of treatment.  *Cf. Taylor v. Barkes*, 575 U.S. 822, 825-26 (2015); *Cox v. Glanz*, 800 F.3d 1231, 1251 (10th Cir. 2015).

Not only have Plaintiffs failed to plead sufficient facts to plausibly establish the objective component of deliberate indifference, their allegations do nothing to satisfy the subjective component as well.  On this point, Plaintiffs offer nothing more than a rote recitation of constitutional buzzwords.  Absent any well pled facts, this Court may not assume the truth of Plaintiffs' "mere conclusions characterizing pleaded facts."  *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990); *see also Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.  More significantly, lacking from the Complaint is any actual factual allegations that, if true, tend to show that any County employee knew of and disregarded a substantial risk of serious harm to decedent's medical condition.  Plaintiffs admit that she was seen by medical professionals in the jail and provided medication, though for conditions other than the latent condition that led to her death.  [DOC, Complaint ¶¶ 25-27]  Rather than a true complaint of deliberate indifference, Plaintiffs' core complaint is one of medical negligence in failing to adequately screen the decedent to determine the existence of a serious medical condition and thereafter treat the same adequately.  [DOC 1, Complaint ¶¶ 21, 33, 72, 73, 84-85]  This, however, can never establish a violation of the constitutional right to adequate medical care.  Thus, Plaintiffs'

federal law claim against Defendant Whetsel must be dismissed for failure to state a claim upon which relief may be granted.

**B.   PLAINTIFFS FAIL TO STATE A SECTION 1983 CLAIM FOR RELIEF AGAINST DEFENDANT IN HIS INDIVIDUAL CAPACITY WHERE THEY CAN NEITHER ESTABLISH PERSONAL PARTICIPATION NOR AN AFFIRMATIVE LINK BETWEEN DEFENDANT AND ANY ALLEGED CONSTITUTIONAL VIOLATION WHERE DEFENDANT WAS NOT SHERIFF AT THE TIME OF THE ALLEGED EVENTS.**

Assuming *arguendo*, that Plaintiffs sufficiently alleged the violation of a federal constitutional right, their Complaint must, nevertheless, be dismissed for failure to state a claim upon which relief can be granted, as they have failed to state a plausible claim that Defendant Whetsel either personally participated in any violation of decedent's rights or was affirmatively linked thereto such that he may be held liable in his individual capacity.

"Personal-capacity suits … seek to impose individual liability upon a government officer for actions taken under color of law.  Thus, '[o]n the merits, to establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right.'"  *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).  "Personal liability 'under § 1983 must be based on personal involvement in the alleged constitutional violation.'"  *Brown v. Montoya*, 662 F.3d 1152, 1163 (10th Cir. 2011) (quoting *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997)).

Supervisory status alone does not give rise to individual liability under Section 1983.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (stating "In a § 1983 suit or a *Bivens*

action – where masters do not answer for the torts of their servants – the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."); *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009). The supervisor's "role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). Instead, Plaintiff "must show an 'affirmative link' between the supervisor and the constitutional violation." *Schneider v. Grand Junction Police Dept.*, 717 F.3d 760, 767 (10th Cir. 2013). Thus, pleading facts that show a constitutional violation by a supervisor's subordinate, standing alone, does not impose liability upon the supervisor individually. "[W]hen a plaintiff sues an official under *Bivens* or § 1983 for conduct arising from his or her superintendent responsibilities, the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well." *Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (internal quotations and citation omitted).

The applicable test to establish supervisory liability set forth in *Dodds* is for the plaintiff to assert factual allegations that demonstrate: (1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy; (2) the policy caused the alleged constitutional harm; and (3) the defendant acted with the state of mind required to establish the alleged constitutional deprivation. *Id.* at 1199. Because of the state of mind element, allegations of mere negligent supervision alone are

insufficient to establish liability; rather, liability must be predicated on the supervisor's own deliberate indifference.  *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997); *Langley v. Adams Cnty.*, 987 F.2d 1473, 1481 (10th Cir. 1993).

Deliberate indifference has been defined as a "'conscious' choice to endanger constitutional rights."  *Snyder v. Trepagnier,* 142 F.3d 791, 799 (5th Cir. 1998).  This element requires more than "a supervisor's mere knowledge of his subordinate's" conduct.  *See Iqbal,* 556 U.S. at 677.  A supervisor may be held liable in his or her individual capacity under Section 1983 for the actions of a subordinate only if the supervisor participated or acquiesced in the constitutional violation of the prisoner's rights.  *Meade v. Grubbs,* 841 F.2d 1512, 1527 (10th Cir. 1988).  Thus, in order to be guilty of deliberate indifference, the supervisor must have known that he or she was creating a substantial risk of harm.  *Green*, 108 F.3d at 1302.

These authorities demonstrate that in order to establish individual liability in the context of their cause of action, Plaintiffs must demonstrate that: (1) decedent's constitutional rights were violated and (2) Defendant Whetsel was affirmatively linked thereto.  Plaintiff's Complaint fail in each of these regards.  As to the later component, Plaintiffs admit that Defendant Whetsel was not the acting Sheriff at the time the alleged events occurred.  [DOC 1, Complaint ¶¶ 6, 9, 30]  Under these circumstances, Plaintiffs cannot state a plausible claim that Defendant Whetsel either personally participated in or was otherwise affirmatively linked to the alleged violation of decedent's constitutional rights.  As such, the Complaint is insufficient to state a claim for relief against Defendant Whetsel in his individual capacity.  Plaintiffs' claim must, therefore, be dismissed.

12

C.      **DEFENDANT IS ENTITLED TO QUALIFIED IMMUNITY FROM SUIT IN HIS INDIVIDUAL CAPACITY.**

As discussed in the preceding sections, Plaintiffs' Complaint against Defendant in his individual capacity must be dismissed, as Plaintiff has failed to plead enough facts to state a plausible claim against Defendant in his individual capacity.  Moreover, dismissal of any Section 1983 claim against Defendant is appropriate because Defendant is entitled to qualified immunity.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  Not only does the doctrine shield officials from liability, but it operates as "an entitlement not to stand trial or face the other burdens of litigation."  *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).   As explained by the United States Supreme Court, the doctrine "balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably."  *Pearson*, 555 U.S. at 231.  Moreover, "[t]he protection of qualified immunity applies regardless of whether the government official's error is a 'mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'"  *Id.*

Once the doctrine of qualified immunity is invoked, the plaintiff bears a heavy burden of making two showings.  *Reynolds v. Powell*, 370 F.3d 1028, 1030 (10th Cir.

13

2004).  First, the plaintiff must show that the defendant's actions violated a constitutional right.  *Id*.; *see also Pearson*, 555 U.S. at 231.  This inquiry "must be whether a constitutional right would have been violated on the facts alleged."  *Id*.  Secondly, the plaintiff must show that the right at issue was "clearly established" at the time of the alleged misconduct.  *Id*.  This inquiry requires a determination of whether the right, in a particularized sense, was sufficiently clear such that a reasonable official would understand that his conduct was unlawful in the situation presented.  *Saucier v. Katz*, 533 U.S. 194, 202 (2001), *modified in part by Pearson*, 555 U.S. at 240-43.  If the plaintiff fails to make both showings, the defendant must prevail.  *Reynolds*, 370 F.3d at 1030.

Plaintiffs' constitutional claim for denial of adequate medical care is predicated on the notion that Defendants failed to adequately screen decedent to discover unreported and/or unknown medical conditions and treat the same.  Yet, there is no clearly established authority establishing that such acts give rise to a constitutional claim for denial of adequate medical care.  *Cf. Taylor v. Barkes*, 575 U.S. 822, 825-26 (2015); *Cox v. Glanz*, 800 F.3d 1231, 1251 (10th Cir. 2015).  Nor is there clearly established authority finding that an officer may be held personally liable in circumstances where either personal participation or an affirmative link to his role as supervisor is wholly absent.

Instead, as fully set forth in Section III(A) and adopted herein again, the weight of authority demonstrates that a constitutional deprivation is found only where officials know of and are deliberately indifferent to a substantial risk of harm to an inmate's health.  Under this standard, Plaintiffs' allegations are insufficient to establish a constitutional claim where the factual allegations, at best, establish only a claim for

14

medical negligence.  Similarly, as fully set forth in Section III(B) and adopted herein again, the weight of authority requires some connection between the Defendant's conduct and the constitutional violation before individual liability or supervisory liability may attach.  Here too, Plaintiffs' Complaint demonstrates no such connection can be established where Defendant Whetsel was not Sheriff at the time of the alleged events. Under these circumstances, Defendant is entitled to qualified immunity from suit and the federal constitutional claim must be dismissed.

**IV.    PLAINTIFFS' STATE LAW *BOSH* CLAIM MUST BE DISMISSED WHERE THERE IS NO RECOGNIZED STATE CONSTITUTIONAL RIGHT TO MEDICAL CARE AND WHERE THERE IS OTHERWISE NO INDIVIDUAL LIABILITY ON A *BOSH* CLAIM.**

In addition to pressing a federal civil rights claim, Plaintiffs bring a state law tort claim for violation of the decedent's state constitutional right to adequate medical care. As discussed in Proposition I, Plaintiffs lacks standing to bring suit against Defendant Whetsel.  Even apart from Plaintiffs' lack of standing, their state law claim is subject to dismissal because there is neither a state constitutional right to medical care nor a basis for individual liability on such a claim.

**A.    THERE IS NO STATE CONSTITUTIONAL RIGHT TO MEDICAL CARE.**

Plaintiffs bring a claim for the violation of decedent's state constitutional rights – a claim commonly referred to as a *Bosh* claim for the Oklahoma Supreme Court's decision in *Bosh v. Cherokee Cnty. Gov. Bldg. Auth*, 305 P.3d 994 (Okla. 2013).  In that case, the court recognized a private cause of action for the use of excessive force in violation of Article 2, Section 30 of the Oklahoma Constitution.  *Bosh v. Cherokee Cnty.*

*Gov. Bldg. Auth*, 305 P.3d 994, 997-1002 (Okla. 2013), *superseded by Barrios v. Haskell Cnty. Pub. Fac. Auth*., 432 P.3d 233, 237-40 (Okla. 2018).  Here, however, Plaintiffs attempt to bring a *Bosh* claim predicated on the purported denial of decedent's state constitutional right to medical care.  Fatal to their claim is that there is no such recognized state constitutional right in the first instance.  This point was illustrated by the Supreme Court in *Barrios v. Haskell Cnty. Pub. Facilities Auth*., 432 P.3d 233 (Okla. 2018).

In *Barrios,* the Court was called upon to determine whether *Bosh* should be extended to recognize a state constitutional claim for the denial of medical and/or psychiatric care to an inmate in violation of Article 2, Sections 7 and 9 of the Oklahoma Constitution.  *Barrios*, 432 P.3d at 235.  In so doing, the Court found neither textual support within the Oklahoma Constitution for the recognition of an inmate's right to medical care while incarcerated nor a common law tradition of the State to be liable in money damages for a denial of such care.  *Id*. at 239-40.  Ultimately, however, the Court was not required to affirmatively determine whether such a right existed because, even if it did, it was one for which the state and its political subdivisions retained sovereign immunity under the Governmental Tort Claims Act.  *Id*. 237-240.  There being no recognized state constitutional right, Plaintiffs' claim for a violation thereof must be dismissed for failure to state a plausible claim for relief.

**B.    A *BOSH* CLAIM DOES NOT LIE TO IMPOSE INDIVIDUAL LIABILITY.**

As already noted, in *Bosh v. Cherokee Cnty. Gov. Bldg. Auth*, 305 P.3d 994 (Okla. 2013), the Oklahoma Supreme Court recognized a cause of action for the violation of a

state constitutional right, in particular, a cause of action for excessive force in violation of Article 2, Section 30 of the Oklahoma Constitution.   *Bosh*, 305 P.3d at 997-1002. However, the cause of action that was recognized by the court was one for governmental, not individual, liability.   *Id.* at 998-1004.  As the court recognized a cause of action for governmental liability for the acts of its employees, the court went on to hold that such liability would be in the nature of *respondeat superior*.  The Court stated:

> Employers being held legally liable for the acts of their employees is nothing new. Under the common law doctrine of *respondeat superior* a principal or employer is generally held liable for the willful acts of an agent or employee acting within the scope of the employment in furtherance of assigned duties.  The doctrine rests on the premise that the employer answers for an employee's conduct provided the employee was acting within the scope of employment.

*Id*. at 998.  "Accordingly, we hold that in an action pursuant to the Okla. Const. art. 2, ¶ 30, *respondeat superior* applies to hold municipal corporations liable for the actions of their employees where those employees are acting within the scope of their employment." *Id*. at 1004.

While *Bosh* made it exceedingly clear that the cause of action created was one for governmental liability, any doubt in this regard was removed by the court's decision in *Perry v. City of Norman*, 341 P.3d 689 (Okla. 2014).  There the court clarified that a *Bosh* theory of recovery can only be pressed by a plaintiff who, but for a constitutional claim allowed by *Bosh*, would be otherwise left without a remedy at law against the state or its political subdivisions.  *Perry v. City of Norman*, 341 P.3d 689, 693-94 (Okla. 2014).  The Court stated:

In *Bosh*, the applicable provisions of the OGTCA expressly immunized the state and political subdivisions such as counties and municipalities from liability arising out of the operation of prison facilities. Consequently, without the excessive force action brought under the Oklahoma Constitution, the *Bosh* plaintiff would have had no avenue for recovery for his injuries whatsoever. Here, employer liability for police officer's alleged excessive force conduct under the OGTCA is well settled. Because the plaintiff could have brought a claim for excessive force against the City under the OGTCA and potentially recovered for that claim, he was not left without a remedy. There is no rational requiring the extension of a *Bosh* excessive force action brought under the Okla. Const. art. 2, § 30 to this cause.

*Id*. at 693.

The extant authorities of the Supreme Court make clear that a *Bosh* claim predicated on the denial of a constitutional right is one that exists, if at all, against a state or its political subdivisions. Here, Defendant Whetsel cannot be considered an employer for two significant reasons. First, as a matter of law, an elected official in their individual capacity is an employee within the meaning of the Governmental Tort Claims Act. Okla. Stat. tit. 51, § 152(7)(a)(1). After all, it is the County that is the employer. Secondly, as pled in their own Complaint, Defendant Whetsel was not the acting Sheriff at the time of the events alleged in the Complaint. [DOC 1, Complaint ¶¶ 6, 9, 30] Simply stated, Defendant Whetsel, as an individual, cannot be considered an "employer" or a governmental entity for purposes of establishing liability under the doctrine of *respondeat superior*, and, thus, a *Bosh* claim against him cannot lie. *See also e.g*., *Washington v. Rogers*, No. CIV-18-1116-D, 2019 WL 5191830, *4 (W.D. Okla. Oct. 15, 2019); *Copeland v. City of Lawton*, No. CIV-18-558, 2018 WL 5315212, *1-2 (W.D. Okla. Oct. 26, 2018); *Green v. Bd. of Cnty. Commr's*, No. 147-CV-577-JED-FHM, 2018

18

WL 4956113, *3 (N.D. Okla. Oct. 12, 2018); *Carter v. Davis*, No. 14-CV-178-JED-FHM, 2019 WL 4655901, at *10 (N.D.Okla. Sept. 24, 2019); *Duvall v. Okla. State Bd. of Osteopathic Ex.*, No. CIV-17-247-F, 2018 WL 6333708, *8 (W.D. Okla. Aug. 10, 2018); *Smith v. Hedgecock*, No. 18-CV-46-JHP, 2018 WL 3478893, at *6 (E.D. Okla. Jul. 19, 2018); *Shed v. State*, No. 16-383-RAW, 2017 WL 1496039, at *3 (E.D. Okla. Apr. 25, 2017); *Maher v. State*, 165 F.Supp. 3d 1089, 1093, n.3 (W.D. Okla. 2016); *Meadows v. Whetsel*, No. CIV-14-1030-HE, 2015 WL 7016496, *7 (W.D. Okla. Nov. 10, 2015); *Morris v. Humphrey*, No. CIV-14-497-W, 2014 WL 3488895, *2 (W.D. Okla. July 11, 2014).

There being no basis upon which Plaintiffs can establish a plausible claim for individual liability on their state law claim, the same must be dismissed.

## CONCLUSION

WHEREFORE, the Defendant John Whetsel respectfully prays that this Honorable Court grant Defendant's Motion to Dismiss in all respects.

Respectfully submitted,

BY:   s/ Aaron Etherington
AARON ETHERINGTON, OBA #18,259
ASSISTANT DISTRICT ATTORNEY
320 Robert S. Kerr, Suite 501
Oklahoma City, OK 73102
Phone: (405) 713-1600
Fax: (405) 713-1749
aaron.etherington@oklahomacounty.org

*Attorney for John Whetsel*

19

**CERTIFICATE OF MAILING**

This is to certify that a true and correct copy of the above and foregoing document was served on the following person, who is a registered participant of the ECF case filing system:

Danny Shadid
Riggs, Abney, Neal, Turpen, Orbison & Lewis Law Firm
528 NW 12th Street
Oklahoma City, OK 73103
dshadid@riggsabney.com

*Attorney for Plaintiffs*

s/ Aaron Etherington