IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM SPRAY JR., and RHONDA JEAN SPRAY, Individually and as Personal Representatives of the Estate of Sindi Lucille Spray, Deceased,<br><br>              Plaintiffs,<br><br>vs.<br><br>BOARD OF COUNTY COMMISSIONERS OF OKLAHOMA COUNTY, in Its Official Capacity as Governing Body of the County of Oklahoma County,<br><br>              Defendant | No. CIV-20-1252-C |

## MEMORANDUM OPINION AND ORDER

On December 13, 2018, Sindi Spray was booked into the Oklahoma County Detention Center. At the time of booking, Ms. Spray stated that she was addicted to heroin and had asthma. She identified no other medical conditions. During her time at the Oklahoma County Detention Center, Ms. Spray complained of sweating, cold chills, runny nose, restlessness, and back pain. She was placed on detoxification medication and monitored daily by the medical staff. On December 16, 2018, Ms. Spray was found unresponsive in her cell. Ms. Spray passed away and an autopsy revealed the cause of death as a perforated duodenal ulcer. Plaintiffs, Ms. Spray's parents, brought this action alleging constitutional and state law-based claims. Defendant seeks dismissal, arguing

Plaintiffs lack standing, have failed to state a claim for relief, and/or that Defendant retains sovereign immunity from the state law claims.

Defendant argues that the claims should be dismissed because Plaintiffs lack standing to seek relief, as they do not allege injury fairly traceable to the acts or omissions of the Board. According to Defendant, it is not the proper party, as a different governmental entity was responsible for the operation of the jail. As Plaintiffs note, the statute on which Defendant relies was not operational until after Plaintiffs' cause of action accrued. Under the proper governing statute, Defendant was responsible for maintaining a jail in such a manner as to ensure fundamental rights of detainees such as Ms. Spray. See Bryson v. Okla. Cnty., ex rel. Okla. Cnty. Det. Ctr., 2011 OK CIV APP 98, ¶ 25, 261 P.3d 627, 623. Defendant's Motion will be denied on this issue.

Defendant argues that Plaintiffs also lack prudential standing as they are not seeking to vindicate their individual rights but the rights of another, and so, to the extent they bring claims in their individual capacities, those claims must be dismissed. Review of Plaintiffs' Amended Complaint does not reveal any allegation of constitutional harm caused by Defendant to Plaintiffs as individuals. Rather, each claim seeks to vindicate rights of Plaintiffs' daughter, Ms. Spray. Consequently, Plaintiffs' individual claims will be dismissed.

Defendant argues Plaintiffs have failed to adequately plead facts to support their claim for violation of Ms. Spray's constitutional right to medical care. According to Defendant, Plaintiffs at best raise an allegation of medical negligence and that claim is not

cognizable in a 42 U.S.C. § 1983 action.  To establish a valid § 1983 claim, Plaintiffs must plead a serious medical condition and that Defendant knew of and disregarded an excessive risk of serious harm.  See Self v. Crum, 439 F.3d 1227, 1230-31 (10th Cir. 2006).  Defendant concedes that Ms. Spray's duodenal ulcer was a serious medical condition.  However, Defendant argues Plaintiffs' Amended Complaint fails to plead facts giving rise to a plausible claim that Defendant was aware of and disregarded a substantial risk of serious harm to Ms. Spray.  Contrary to this argument, the Court finds that Plaintiffs have pleaded the existence of symptoms and complaints by Ms. Spray which, when not acted upon, demonstrate Defendant acted with deliberate indifference to Ms. Spray.  It may well be that as the facts are established they will show nothing more than medical negligence.  However, at this stage, it is the pleadings that are at issue and Plaintiffs' pleadings are adequate.  Defendant's Motion will be denied on this issue.

Defendant argues that Plaintiffs have failed to state a plausible claim of the existence of a policy or custom that contributed to any violation of Ms. Spray's rights.  However, rather than directing the Court to a paucity of facts, Defendant's Motion asks the Court to weigh or evaluate the validity of the facts.  That, of course, is not a proper action for the Court.  Rather, the Court must evaluate whether or not a plaintiff has pleaded facts which nudge their claims from conceivable to probable and while making that evaluation the Court must "accept as true all well-pleaded factual allegations in the complaint and view them in the light most favorable to the plaintiff."  Burnett v. Mortg. Elec. Registration

Sys., Inc., 706 F.3d 1231, 1235 (10th Cir. 2013). Defendant's Motion will be denied on this issue.

Defendant argues it retains sovereign immunity from Plaintiffs' state law-based claims and therefore the Court lacks subject matter jurisdiction over those claims. Plaintiffs' state law claims purport to raise a claim for violating an Oklahoma constitutional right to medical care. In Bosh v. Cherokee Building Authority, 2013 OK 9, 305 P.3d 994 the Oklahoma Supreme Court held that there is a right to be free from cruel and unusual punishment under the Oklahoma Constitution. Following that decision, the Oklahoma legislature amended the Oklahoma Governmental Tort Claims Act ("OGTCA") to specify that that Act covered any tort claims brought pursuant to the Bosh holding. Plaintiffs argue the legislative action can have no effect, as it exceeded the scope of the legislature's authority. However, in Barrios v. Haskell County Public Facilities Authority, 2018 OK 90, 432 P.3d 233, the Oklahoma Supreme Court noted that the Oklahoma Legislature had amended the OGTCA to make clear all claims brought by inmates alleging a violation of the Oklahoma Constitution are torts and therefore subject to the provisions of the OGTCA. Id. at ¶ 15. Thus, the Oklahoma Supreme Court has made clear that under Oklahoma law, any tort claim based on the Oklahoma Constitution is subject to the OGTCA. As Defendant notes, the OGTCA specifically bars any tort claim arising from provision, equipping, operation, or maintenance of any prison, jail, or correctional facility. See 51 Okla. Stat. § 155(25). Accordingly, Plaintiffs' state law-based claims must be dismissed.

As set forth more fully herein, the Special Appearance and Motion to Dismiss Amended Complaint by Defendant Board of County Commissioners of Oklahoma County (Dkt. No. 16) is GRANTED in part and DENIED in part.  Plaintiffs' individual claims are DISMISSED without prejudice.  Plaintiffs' state law-based claims are DISMISSED with prejudice.  In all other respects, Defendant's Motion is DENIED.  A separate judgment will issue at the close of the case.

IT IS SO ORDERED this 27th day of July 2021.

ROBIN J. CAUTHRON
United States District Judge