UNITED STATEDS DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

BILL AND RHONDA SPRAY, )
Individually and as Representatives of )
THE ESTATE OF SINDI SPRAY, )
 )
Plaintiffs, )
 )
v )  Case No.   CIV-20-1252-C
 )
THE BOARD OF COUNTY )
COMMISSIONERS OF OKLAHOMA )
COUNTY, et al. )
 )
Defendants. )

## ANSWER OF THE BOARD OF COUNTY COMMISSIONERS OF OKLAHOMA COUNTY

The Board of County Commissioners of Oklahoma County ("BOCC") in official capacity, answers the Amended Complaint of Plaintiff [ECF 14] by denying each and every allegation unless specifically admitted in this Answer.

### ALLEGATIONS OF JURISDICTION, VENUE AND PARTIES

1.  Numbered paragraphs 1, 3 – 7, 9 – 10, 12 – 14, and 16-17 are admitted except any allegation, such as in numbered paragraph 5, that alleges the BOCC is a "governing board," because in some instances it is and in some instances it is not.

2.  Numbered paragraphs 2 and 11 are unknown to Defendant.

3.  Numbered paragraphs 8 and 15 require no answer because Count II of the Amended Complaint was dismissed with prejudice.  Memorandum and Opinion, ECF 22 at 5.

1

## PLAINTIFF'S ALLEGATIONS ABOUT NON-PARTY AGENTS AND REPRESENTATIVES OF THE COUNTY OF OKLAHOMA COUNTY AND THE DEFENDANT BOARD

4. Numbered paragraphs 18 and 19 are admitted except that the allegation that the Sheriff acted "on behalf of the defendant board" is denied. The BOCC does not have the authority to supervise, command, or control the Sheriff or the Sheriff's employees. The Sheriff is an independent elected official.

5. Numbered paragraph 20 is denied.

6. Numbered paragraph 21 is admitted.

7. Numbered paragraphs 22 and 23 are admitted except that it is denied that any independent medical contractor was an agent of the county or the BOCC. 51 OS §155 (18).

## PLAINTIFF'S "FACT" ALLEGATIONS

8. Numbered paragraphs 24 and 37-38 are admitted.

9. Numbered paragraphs 25 – 32, 34 – 36, 39 – 49, 52 – 55, and 58 - 60 are denied.

10. Numbered paragraphs 33, 50 – 51, and 56 - 57 are unknown to the Defendant. The testimony alleged in the Amended Complaint is not identified by case name, testimony date, page or line number, and no context is given. All of the alleged events about which the testimony is alleged occurred a year or more before Spray was arrested and jailed.

## PLAINTIFF'S COUNT I – CIVIL RIGHTS

11. Numbered paragraphs 61 – 64 and 67 - 80 are denied.

12. Numbered paragraphs 65 – 66 are general statements of law that are not susceptible of being admitted or denied without context.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

13. Plaintiff has failed to a state claim against the BOCC upon which relief can be granted.

14. The BOCC has no control, power or authority over the jail. The BOCC does not control the budget for the jail. The BOCC has no control, power or authority over any other elected official, including the Sheriff. The BOCC has no control, power or authority to hire, train, terminate or otherwise discipline or manage detention officers.

15. The Defendant did not violate Spray's constitutional rights. The Defendant did not know of or disregard an excessive risk to inmate health or safety. There was no actual knowledge of the specific risk of harm. The alleged duodenal ulcer or any perforation was not obvious.

16. The Defendant did not create, cause, implement, or enforce any policy, practice, or custom that was the moving force behind Spray's alleged injuries or death. Spray was a heroin addict and high-end escort whose lifestyle led to her tragic death and, no doubt, left her family feeling frustrated and helpless long before.

17. Spray caused her own injuries and death by ignoring her symptoms caused by a duodenal ulcer, failing to report all of her symptoms and their duration,

misreporting her symptoms and their duration, and by masking them by use of heroin before she was arrested.

18. Oklahoma County cannot be held liable for any constitutional violation resulting from the acts of agents, servants, appointees, or employees under the doctrine of *respondeat superior* and/or vicarious liability.

19. All actions taken with regard to Spray were done in compliance with all state and federal law.

20. The actions taken with regard to Spray were objectively reasonable and made in good faith.

21. Not action taken toward Spray was done with the requisite, culpable state of mind of deliberate indifference.

22. No one had any knowledge (actually or inferred) of a specific risk that Spray had a duodenal ulcer or that there was a risk it might have perforated or might perforate.

23. The only symptoms Spray reported to the jail's medical vendor were those consistent with "detox" from heroin abuse.

24. All policies, practices, training, supervision, and customs used at the detention center are constitutional and sufficient under state and federal law to protect the rights of inmates.

25. No conduct was willful or wanton, nor did it demonstrate deliberate indifference to Spray's health and/or welfare.

26. The medical care provided to Spray by the independent medical contractor was constitutionally sufficient under the circumstances and within any applicable standard of care.

27. No action by Defendant was the direct cause of Plaintiff's alleged damages, injuries, death or alleged constitutional violations.

28. Medical negligence in diagnosis and treatment of a medical condition does not give rise to constitutional liability under 42 U.S.C. § 1983.

29. Medical decisions were made by third parties over whom the Defendant has no control as to medical decisions. No medical provider contracted by the jail ever reported a duodenal ulcer, a perforation, or any symptoms unique to the condition.

30. Negligent acts of individual employees are not sufficient to state a constitutional claim.

31. The Defendant did not ignore and/or disregard any excessive risk to inmate health or safety and provided for the medical treatment of Spray through an independent medical contractor.

32. An intervening and/or supervening event was the cause of any injury.

33. Spray's injuries or death resulted from latent pre-existing illness or disease that were not reasonably foreseeable to Defendant and were undetectable by detention officers.

34. The actions or inactions of Spray caused and/or substantially contributed to her death.

35. The liability, if any, of the Defendant is only several.

36. Plaintiff is not entitled to punitive damages and cannot recover punitive damages against Defendant.

WHEREFORE, having answered, the Defendant prays that Plaintiff take nothing by this action and that the Defendant go free with its costs.

Respectfully Submitted,

DAVID W. PRATER
DISTRICT ATTORNEY

/s/ *Rodney J. Heggy*
Aaron Etherington (OBA 18,259)
Rodney J. Heggy (OBA 4049)
Assistant District Attorneys
320 Robert S. Kerr, Suite 505
Oklahoma City, OK  73102
Telephone: (405) 713-1600
Facsimile: (405) 713-1749
rod.heggy@oklahomacounty.org
aaron.etherington@oklahomacounty.org
ATTORNEYS FOR BOARD OF COUNTY
COMMISSIONERS AND JOHN WHETSEL

## CERTIFICATE OF MAILING OR DELIVERY

The foregoing was delivered to counsel of record by the ECF system or by US Mail, if required:

Danny Shadid
Riggs, Abney, Neal, Turpen, Orbison & Lewis Law Firm
528 NW 12th Street
Oklahoma City, OK 73103
dshadid@riggsabney.com

*Attorney for Plaintiff*

/s/ *Rodney J. Heggy*